Grafton, ⎱
June 29, 1907. ⎰

### ATTWILL, *Adm'r, v.* DOLE, *Ex'r.*

Where trustees appointed by will have assumed the execution of the trust, the administrator of the beneficiary cannot maintain an action against the executor to compel an accounting.

The failure of testamentary trustees to furnish an official bond does not necessarily operate as a declination of the trust, unless they have neglected or refused to give bond when required.

BILL IN EQUITY, by the plaintiff as the administrator of the estate of Emily Sweatt, praying that the defendant, as executor of the will of Maria Buck, account for certain funds which came to his hands in trust for the benefit of the plaintiff's intestate. Trial by the court. Transferred from the November term, 1906, of the superior court by *Chamberlin,* J.

Maria Buck died April 29, 1902. By her will she gave to Fred A. Sweatt and Mary E. Fairbanks a certain sum of money, " in trust for the support and maintenance of said Fred's mother, Emily Sweatt, the principal as well as the interest to be used, if necessary, for her comfortable support; but if, at the time of her decease, there is an unexpended balance of this legacy in the hands or possession of said trustees, the same is then to be paid or to go to said Fred's daughter, Marian E. Sweatt, and her heirs." Emily Sweatt died December 3, 1902. Her estate was in fact insolvent. The debts proven against it to the amount of $526.76 were contracted for her necessary support and maintenance after the death of Maria Buck.

Upon the request of the trustees named in the will, the defendant in June and November sent them small sums of money; and in July a daughter of Mrs. Sweatt wrote one of the trustees for some money with which to pay outstanding bills. This request was forwarded to the defendant. The trust fund amounted to about $1,800, and the defendant has accounted for the same to the parties named in the will to receive it after the death of Emily. The trustees furnished no official bond. Upon these

facts the court ruled that the bill be dismissed, and the plaintiff excepted.

*Guy C. Richards* (of Massachusetts), for the plaintiff.

*Charles A. Dole, pro se.*

WALKER, J. There was evidence that the trustees appointed by the testatrix, Maria Buck, in her will, assumed the execution of the trust. It appears that they received from the defendant several sums of money before the death of Emily Sweatt, presumably for her benefit under the trust. There is no intimation that they in fact declined the trusteeship created in the will. And as the ruling of the court dismissing the bill is consonant with a finding upon this evidence that they assumed the duties of trustees and were acting as such, it cannot be inferred as a matter of law or of fact that the defendant occupied that fiduciary relation to the *cestui que trust.* Under these circumstances, it is apparent that Emily Sweatt during her lifetime could not have called upon the defendant to execute the trust, or compelled him to account to her as her trustee. If he did not pay over to the trustees the fund bequeathed in trust, they—not she—could compel him to account upon a proper proceeding. As her administrator has no greater rights in this respect than she had, the plaintiff's bill was properly dismissed.

The fact that the testamentary trustees did not furnish an official bond to the judge of probate is not important. Their omission to do so immediately upon the decease of the testatrix did not impose upon the executor the duties of administering the trust. Nor did it operate as a declination of the trust by the parties named in the will as trustees, so as to give plausibility to the argument that the executor thereupon became a trustee in their stead ; for to have that effect, it should appear that they neglected or refused " to give bond when required." P. S., c. 198, s. 4. There is no finding that they were required or requested to furnish a bond. In fact, there was no occason for a bond until the fund, or a part of it, was turned over to them.

Whether the defendant is accountable to the trustees, and if so, for how much, and whether the trustees have fully performed the duties imposed upon them by the terms of the will, are manifestly questions which it is not advisable to consider at this time.

*Exception overruled.*

All concurred.